GABROY | MESSER
Christian Gabroy
Nev. Bar No. 8805
Kaine Messer
Nev. Bar No. 14240
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Tel:    (702) 259-7777
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff Amy Lahav*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AMY LAHAV,<br><br>    Plaintiff,<br><br>vs.<br><br>JACOBS ENGINEERING GROUP INC.<br><br>    Defendant. | Case No.: 2:25-cv-01202-RFB-MDC<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

### JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

Plaintiff Amy Lahav ("Plaintiff") and Defendant Jacobs Engineering Group Inc. ("Defendant"), (collectively referred herein as the "Parties") by and through their respective counsel, submit this Stipulated Discovery Plan and Scheduling Order as required under Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

### Fed. R. Civ. P. 26(f) Report

**1.  What changes should be made in the timing, form, or equipment for disclosures under Fed. R. Civ. P. 26(a), including a statement of when initial disclosures were made or will be made?**

Defendant served Defendant's Initial Disclosures on September 9, 2025. The Parties agreed that Plaintiff had up to and including September 16, 2025 to serve her Initial Disclosures. Plaintiff served Plaintiff's Initial Disclosures on September 16, 2025.

**2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues?**

The scope of discovery shall be as set forth under Fed. R. Civ. P. 26(b)(1). The Parties do not believe that discovery should be conducted in phases or be limited to or focus on particular issues.

### Certifications

**1. Alternative Dispute Resolution.** The Parties are ordered per ECF No. 16 to discuss settlement and exchange an initial settlement offer and an initial counteroffer. ECF No. 16 orders the Parties to file, no later than September 23, 2025, a joint statement with the Parties' position as to whether holding the early neutral evaluation would be futile. The Parties complied with the Court's Order, and look forward to participating in the Early Neutral Evaluation. The Parties continue to work together regarding these resolution efforts and such efforts continue.

**2. Alternative Forms of Case Disposition.** The Parties discussed consent to trial by a Magistrate Judge under 28 U.S.C. § 636 and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the Parties do not agree to utilize alternative forms of case disposition.

**3. Electronic Evidence.** The Parties discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The Parties believe that any electronic evidence to be provided or presented would be compatible with the Court's electronic jury evidence display system and have not entered into any stipulations regarding electronic evidence at this time.

### Discovery Plan

**1. Discovery Cut-Off Date.** On August 26, 2025, the Parties conducted a Rule 26(f) conference. The Parties agree that the discovery cut-off will be 180 days from that date, **February 23, 2026.**

**2. Reasons why the 180-day Period is Measured from the Rule 26(f) Conference and not from when Defendant First Appeared.** As indicated above, the parties request the 180-day discovery period commence from the date of the Parties' Rule 26(f) conference, August 26, 2025, as opposed to the date Defendant first appeared via its Motion to Dismiss. *See* ECF No. 7. The Parties make this request as, during the interim, the Parties were engaged in briefing and utilizing resources that were devoted to Defendant's Motion to Dismiss. *See* ECF Nos. 7, 17, and 18. Moreover, such briefing schedule was extended as, and as previously indicated, unfortunately Plaintiff's counsel's close family member passed away which necessitated immediate out-of-state travel, exigency schedule changes, personnel commitment, and restructuring of some tasks whether personal or work related. *See* ECF No. 13, p. 2. Moreover, the Parties have made a concerted effort to conserve resources in hopes to participate successfully at the ENE scheduled for October 7, 2025. Therefore, the Parties proffer good cause exceedingly supports the requested discovery schedule herein.

**3. Initial Disclosures.** The Parties agreed that the deadline for Plaintiff to serve her initial disclosures is **September 16, 2025.** Defendant served its Initial Disclosures on September 9, 2025. Plaintiff served its Initial Disclosures on September 16, 2025.

**4. Amending Pleadings and Adding Parties.** The deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery. These amendments are therefore due on **November 25, 2025**.

**5. Fed. R. Civ. P. 26(a)(2) Disclosure (Experts).** Expert disclosures must be made 60 days before the discovery cut-off date and rebuttal-expert disclosures must be made 30 days after the initial disclosure of experts. Expert disclosures are due on **December 26, 2025**, and rebuttal-expert disclosures are due on **January 23, 2026**.

**6. Dispositive Motions.** The deadline for filing dispositive motions is 30 days after the discovery cut-off date. Dispositive motions are due on **March 25, 2026**.

**7. Pretrial Order.** The deadline for the Joint Pretrial Order is 30 days after the dispositive motion deadline, **April 24, 2026**. If dispositive motions are filed, the deadline

for filing the Joint Pretrial Order will be suspended until 30 days after decision on the dispositive motions or further court order.

**8.    Fed. R. Civ. P. 26(a)(3) Disclosures.** The Parties agree that disclosures required under Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the Joint Pretrial Order.

| | |
|---|---|
| Dated: September 23, 2025 | Dated: September 23, 2025 |
| LITTLER MENDELSON, P.C. | GABROY \| MESSER |
| By: __*Kelsey E. Stegall*_____ | By: */s/ Christian Gabroy*_____ |
| Ethan D. Thomas, Esq.<br>Nevada Bar No. 12874<br>Kelsey E. Stegall, Esq.<br>Nevada Bar No. 14279<br>8474 Rozita Lee Avenue, Suite 200<br>Las Vegas, Nevada 89113 | Christian Gabroy, Esq.<br>Nevada Bar No. 8805<br>Kaine Messer<br>Nevada Bar No. 14240<br>The District at Green Valley Ranch<br>170 South Green Valley Parkway<br>Suite 280<br>Henderson, Nevada 89012 |
| *Attorneys for Defendant Jacobs Engineering Group Inc.* | *Attorneys for Plaintiff Amy Lahav* |

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated:   9-26-25